UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WILLIAM M. BLOCKER, JR., CALE BLOCKER, and BLOCKER FARMING ENTERPRISES, LLC

Appellants,

v.     609CV052

LYNN S. WYATT and WYATT PROCESSING, LLP,

Appellees.

## ORDER

Bankruptcy appellants William M. Blocker, Jr. ("Bill"), Cale Blocker ("Cale"), and Blocker Farming Enterprises, LLC ("Blocker Farming") have filed a motion to stay foreclosure proceedings pending this bankruptcy appeal pursuant to Rule 8005 of the Federal Rules of Bankruptcy Procedure. Doc. # 3.

This is Cale's fourth bankruptcy and Bill's second. Doc. # 1-5 at 24. Blocker Farming is a new entity owned by Cale and Bill. *Id.* In the most recent 2006 bankruptcy proceedings Lynn S. Wyatt, and Wyatt Processing (collectively "Wyatt") filed a secured claim in the amount of $2.6M and an unsecured claim in the amount of $1.2M. *Id.* Those proceedings were ultimately resolved through a consent order approved by the bankruptcy court which resulted in the voluntary dismissal of the bankruptcy proceedings. *Id.* at 26-27. The terms of that consent order required Cale to make certain payments to Wyatt. *Id.* In the event that these payments were not made and either of the debtors (Cale or Bill) again filed for bankruptcy protection, Paragraph 9 of the consent order provided that "the debtors waive any protection under the automatic stay...." *Id.* at 27.[1]

In December 2008, Wyatt began proceedings to foreclose on appellants' property in Georgia state court, presumably in anticipation of appellants' failure to make the next payment called for by the consent decree.[2] *Id.* at 28. Appellants did indeed fail to make that payment and they filed these Chapter 12 proceedings. Pursuant to the consent order, Wyatt requested relief from the automatic stay of the foreclosure proceedings. Appellants, however, argued that the waiver provision in the consent order was not enforceable. The bankruptcy judge concluded that the provision was enforceable and that appellants were collaterally estopped from attacking the validity of the consent decree. *Id.* at 24. Appellants filed a notice of appeal.

Having been denied the protections of an automatic stay, appellants then sought the protection of a Rule 8005 stay pending appeal. Bankruptcy Rule 8005 states that a bankruptcy court or a district court *may* suspend or order the continuation of other proceedings pending a bankruptcy appeal. Fed.R.Bank.P. 8005. To grant an appellate stay, courts must consider four factors: (1) the likelihood that the party seeking stay will prevail, (2) the prospect of irreparable injury to the moving party which might result without stay, (3) the relative certainty that no substantial harm would come to other parties if the stay were issued, and (4) the relative absence of harm to the public interest if the stay were granted. *In the Matter*

---

[1] *See* 11 U.S.C. § 362 (bankruptcy petitions operate as an automatic stay of, *inter alia*, any actions to obtain possession of property, to enforce liens, and to collect debts).

[2] Appellants contend that initiation of the foreclosure proceedings was premature and violated the terms of the consent decree. The bankruptcy judge properly noted that appellants can raise this issue in the state court foreclosure proceedings. Doc. # 1-5 at 28 n.2.

*of Cretella*, 47 B.R. 382, 383-84 (E.D.N.Y. 1984).

Applying these factors, the bankruptcy court declined to issue a Rule 8005 stay pending appeal. Doc. # 1-6 at 33. "Where the bankruptcy court has already denied a stay under [F.R.Bank.P.] 8005, the appellate court's review is limited to a simple determination of whether the bankruptcy court abused its discretion." *In re North Plaza, LLC*, 395 B.R. 113, 118 (S.D. Cal. 2008). The Court concludes that the bankruptcy court did not abuse its discretion.

First, appellants have not demonstrated a likelihood of success on their claim that the consent decree is unenforceable. Cale and Bill assented to the consent decree, were represented by counsel, and were aware of the prospective relief to Wyatt whereby appellants would be barred from receiving an automatic stay in future bankruptcy proceedings. Doc. # 1-5 at 28. The consent decree was signed by the bankruptcy judge, was not appealed, and became final. *Id.* Thus, the Court agrees that appellants are collaterally estopped from challenging the consent decree. *See Daniels v. J.P. Morgan Chase Bank*, 2006 WL 897211, at *3 (E.D. Va. 4/5/06) (appellant was collaterally estopped from challenging validity of consent order which waived protection of automatic stay following dismissal of bankruptcy petition); *see also In re Edwards*, 222 B.R. 527, 528 (Bankr. E.D. Va. 1998) (debtor consented to an order granting prospective relief from stay, did not appeal, and the consent order was valid); *In re Abdul-Hasan*, 104 B.R. 263, 267 (Bankr. C.D. Cal. 1989) (debtor did not appeal the granting of prospective relief to creditor and was now collaterally estopped from doing so).

Furthermore, the district court agrees that a stay pending appeal is not in the public's interest. As the bankruptcy court judge noted, "[T]he issuance of stay pending appeal would permit the [appellants] to do what [the bankruptcy judge had] previously ruled [they] cannot do directly." Doc. # 1-6 at 4-5. Allowing a stay of other proceedings pending the bankruptcy appeal would give the appellants the protection that they expressly waived in the consent decree and "would make a charade of the entire process and leave parties to be disinclined to settle cases." *Id.*

In conclusion, the bankruptcy court did not abuse its discretion in denying an appellate stay. Appellants' motion to stay proceedings pending appeal is ***DENIED***. Doc. # 3. Appellants' motion for a hearing is also ***DENIED***. Doc. # 4.


This 27th day of July 2009.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

2